UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GARY EVANSON,

    Plaintiff,

v.

NANCY A. BERRYHILL, Acting Commissioner of Social Security,

    Defendant.

No. 2:17-cv-1899 AC

**ORDER**

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner"), denying his application for disability insurance benefits ("DIB") under Title II of the Social Security Act ("the Act"), 42 U.S.C. §§ 401-34.[1] For the reasons that follow, plaintiff's motion for summary judgment will be DENIED, and defendant's cross-motion for summary judgment will be GRANTED.

## I. PROCEDURAL BACKGROUND

Plaintiff applied for DIB on April 10, 2014. Administrative Record ("AR")140-43.[2] The disability onset date was alleged to be August 15, 2013. Id. The application was disapproved

---

[1] DIB is paid to disabled persons who have contributed to the Disability Insurance Program, and who suffer from a mental or physical disability. 42 U.S.C. § 423(a)(1); Bowen v. City of New York, 476 U.S. 467, 470 (1986).
[2] The AR is electronically filed at ECF Nos. 12-3 to 12-14 (AR 1 to AR 486).

1

initially and on reconsideration. AR 63-68, 70-75. On May 27, 2016, ALJ Plauche F. Villere, Jr. presided over the hearing on plaintiff's challenge to the disapprovals. AR 29 – 41 (transcript). Plaintiff, who appeared with his attorney, was present at the hearing. AR 30.

On July 12, 2016, the ALJ found plaintiff "not disabled" under Sections 216(i) and 223(d) of Title II of the Act, 42 U.S.C. §§ 416(i), 423(d). AR 10-18 (decision), 19-21 (exhibit list). On August 2, 2017, after receiving a Request for Review of Hearing Decision/Order as an additional exhibit, the Appeals Council denied plaintiff's request for review, leaving the ALJ's decision as the final decision of the Commissioner of Social Security. AR 1-4 (decision and additional exhibit list).

Plaintiff filed this action on September 12, 2017. ECF No. 1; see 42 U.S.C. § 405(g). The parties consented to the jurisdiction of the magistrate judge. ECF Nos. 8, 9. The parties' cross-motions for summary judgment, based upon the Administrative Record filed by the Commissioner, have been fully briefed. ECF Nos. 17 (plaintiff's summary judgment motion), 20 (Commissioner's summary judgment motion), 21 (plaintiff's reply).

## II. FACTUAL BACKGROUND

Plaintiff was born in 1956, and accordingly was, at age 57, a person of advanced age under the regulations, when he filed his application.[3] AR 33. Plaintiff has a limited education, and can communicate in English. AR 161, 164. Plaintiff previously worked as a carpenter. AR 17.

## III. LEGAL STANDARDS

The Commissioner's decision that a claimant is not disabled will be upheld "if it is supported by substantial evidence and if the Commissioner applied the correct legal standards." Howard ex rel. Wolff v. Barnhart, 341 F.3d 1006, 1011 (9th Cir. 2003). "'The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . . .'" Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995) (quoting 42 U.S.C. § 405(g)).

Substantial evidence is "more than a mere scintilla," but "may be less than a preponderance." Molina v. Astrue, 674 F.3d 1104, 1111 (9th Cir. 2012). "It means such

---

[3] See 20 C.F.R. § 404.1563(e) ("person of advanced age").

2

evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (internal quotation marks omitted). "While inferences from the record can constitute substantial evidence, only those 'reasonably drawn from the record' will suffice." Widmark v. Barnhart, 454 F.3d 1063, 1066 (9th Cir. 2006) (citation omitted). Although this court cannot substitute its discretion for that of the Commissioner, the court nonetheless must review the record as a whole, "weighing both the evidence that supports and the evidence that detracts from the [Commissioner's] conclusion." Desrosiers v. Secretary of HHS, 846 F.2d 573, 576 (9th Cir. 1988); Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985) ("The court must consider both evidence that supports and evidence that detracts from the ALJ's conclusion; it may not affirm simply by isolating a specific quantum of supporting evidence.").

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002). However, the court may review only the reasons stated by the ALJ in his decision "and may not affirm the ALJ on a ground upon which he did not rely." Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007); Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir. 2003) ("It was error for the district court to affirm the ALJ's credibility decision based on evidence that the ALJ did not discuss").

The court will not reverse the Commissioner's decision if it is based on harmless error, which exists only when it is "clear from the record that an ALJ's error was 'inconsequential to the ultimate nondisability determination.'" Robbins v. Commissioner, 466 F.3d 880, 885 (9th Cir. 2006) (quoting Stout v. Commissioner, 454 F.3d 1050, 1055 (9th Cir. 2006)); see also Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005).

## IV. RELEVANT LAW

Disability Insurance Benefits and Supplemental Security Income are available for every eligible individual who is "disabled." 42 U.S.C. §§ 402(d)(1)(B)(ii) (DIB), 1381a (SSI). Plaintiff is "disabled" if he is "'unable to engage in substantial gainful activity due to a medically

3

determinable physical or mental impairment . . ..'" Bowen v. Yuckert, 482 U.S. 137, 140 (1987) (quoting identically worded provisions of 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A)).

The Commissioner uses a five-step sequential evaluation process to determine whether an applicant is disabled and entitled to benefits. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4); Barnhart v. Thomas, 540 U.S. 20, 24-25 (2003) (setting forth the "five-step sequential evaluation process to determine disability" under Title II and Title XVI). The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is not disabled. If not, proceed to step two.

20 C.F.R. § 404.1520(a)(4)(i), (b).

> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, the claimant is not disabled.

Id. §§ 404.1520(a)(4)(ii), (c).

> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is disabled. If not, proceed to step four.

Id. §§ 404.1520(a)(4)(iii), (d).

> Step four: Does the claimant's residual functional capacity make him capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.

Id. §§ 404.1520(a)(4)(iv), (e), (f).

> Step five: Does the claimant have the residual functional capacity perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Id. §§ 404.1520(a)(4)(v), (g).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. 20 C.F.R. §§ 404.1512(a) ("In general, you have to prove to us that you are blind or disabled"), 416.912(a) (same); Bowen, 482 U.S. at 146 n.5. However, "[a]t the fifth step of the sequential analysis, the burden shifts to the Commissioner to demonstrate that the claimant is not disabled and can engage in work that exists in significant numbers in the national economy." Hill v. Astrue, 698 F.3d 1153, 1161 (9th Cir. 2012); Bowen, 482 U.S. at 146 n.5.

4

## V. THE ALJ's DECISION

The ALJ made the following findings:

> 1. The claimant last met the insured status requirements of the Social Security Act on March 31, 2015.
>
> 2. [Step 1] The claimant did not engage in substantial gainful activity during the period from his alleged onset date of August 15, 2013 through his date last insured of March 31, 2015 (20 CFR 404.1571 *et seq.*).
>
> 3. [Step 2] Through the date last insured, the claimant had the following severe impairments: coronary artery disease with hyperlipidemia, status post myocardial infarction; and hepatitis C infection (20 CFR 404.1520(c)).
>
> 4. [Step 3] Through the date last insured, the claimant did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).
>
> 5. [Residual Functional Capacity ("RFC")] After careful consideration of the entire record, the undersigned finds that, through the date last insured, the claimant had the residual functional capacity to perform a full range of medium work as defined in 20 CFR 404.1467(c).
>
> 6. [Step 4] Through the date last insured, the claimant was capable of performing past relevant work as a carpenter (construction). This work did not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565).
>
> 7. The claimant was not under a disability, as defined in the Social Security Act, at any time from August 15, 2013, the alleged onset date, through March 31, 2105, the date last insured (20 CFR 404.1520(g)).

AR 12-18.

As noted, the ALJ concluded that plaintiff was "not disabled" under Sections 216(i) and 223(d) of Title II of the Act, 42 U.S.C. §§ 416(i), 423(d). AR 18.

## VI. ANALYSIS

Plaintiff alleges that the ALJ erred by (1) failing to address the effects of plaintiff's hepatitis C in combination with his other impairments; (2) failing to address the effect of plaintiff's mental illness in combination with other impairments; (3) failing to address the effect of plaintiff's pain in combination with other impairments; (4) improperly describing plaintiff's

5

past work as a carpenter; (5) improperly finding plaintiff could perform medium work; and (6) failing to address plaintiff's medical-vocational profile under the preemptive arduous work standard. ECF No. 17. Plaintiff requests that the matter be remanded to the Commissioner for reconsideration. Id. at 16.

### A. The ALJ Properly Addressed Plaintiff's Hepatitis C

Plaintiff's argument that the ALJ did not properly address the effect of his hepatitis C in combination with his other impairments does not withstand scrutiny. ECF No. 17 at 12-14. A review of the ALJ's decision and the record reveals no error.

#### 1. Relevant Medical Evidence

In September and November 2012, plaintiff's treating providers recorded that he was treated with various hepatitis C drugs "5 years ago [2007]" and that he "responded [to treatment] however re[l]apsed." AR 231, 235. Plaintiff "was told that his heart looked very good," he "denie[d]" shortness of breath ("SOB") and chest pain ("CP") during a stress test, and it was noted that he had a cardiac stent placed in 2010. AR 235. Plaintiff's treating provider noted that his blood pressure was controlled on metoprolol. AR 236.

In November 2013, plaintiff had a physician visit for "Meds Refill" and complained of a "Rash on LT [left] arm." At this visit he denied chest pain or discomfort or shortness of breath, and a physical examination showed that he had a non-tender chest, regular heart rate and rhythm, and no significant adenopathy. AR 226-28. In December 2013, plaintiff followed up "for lab[oratory] results" and reported he was "not currently experiencing pain," denied chest pain or discomfort, shortness of breath, swelling of hands or feet, abdominal pain, or yellowish skin color. AR 222-23. Plaintiff received aspirin and metoprolol succinate for his coronary artery disease history and simvastatin for hyperlipidemia, and no medication for his complaints regarding hepatitis C. AR 224-25.

In January 2014, an ultrasound report showed an impression of mildly coarsened hepatic echo texture of the liver without focal mass, and otherwise unremarkable findings. AR 255. In August 2014, physician notes show plaintiff denied fatigue, weakness, malaise, weight loss, chest pain or discomfort, racing or skipping heart beats, shortness of breath, jaundice of the skin or

eyes, fatigue, or shortness of breath, and physical examination showed that he had regular heart rate and rhythm without murmurs, rubs or gallops, a non-tender abdomen, and no focal deficits. AR 347-48.  Also in August 2014, Dolores Leon, M.D., performed a medical evaluation at which plaintiff reported heart disease, hepatitis C and high cholesterol.  AR 259.  Plaintiff stated his current medications included aspirin, metoprolol, and simvastatin.  AR 260.  Dr. Leon recorded a regular heart rate and rhythm, no extra sounds or murmurs, and no edema with soft, non-tender, and distended abdomen, and no evidence of jaundice.  AR 261-62.  Dr. Leon assessed no limitations.  AR 263-64.

### 2. The ALJ Properly Considered the Record

The ALJ properly considered and evaluated the evidence regarding the impact of Plaintiff's hepatitis C, singly and in combination with plaintiff's other impairments.  The ALJ found at step two of the sequential evaluation that plaintiff had a severe hepatitis C infection, specifically remarking that Plaintiff's medical record reflected that he was treated with various hepatitis C drugs for 6 months in the past ("5 years ago" [2007]), and that he responded well to treatment (AR 16, 231; see also AR 240).  AR 12-13.  The ALJ also noted that Plaintiff ceased treatment due to side effects.  AR 16, 235.  The ALJ further noted that plaintiff generally denied abdominal pain or jaundice, and abdominal ultrasounds demonstrated no significant abnormalities aside from a mildly coarsened hepatic echotexture in his liver.  AR 16, 235, 248, 255, 262, 292, 313, 369, 380, 408, 429.  Finally, the ALJ noted that in August 2014 plaintiff denied experiencing fatigue (AR 16, 464) and although by September 2014, plaintiff stated he "desire[d]" to restart treatment of his hepatitis C (AR 16, 341), there was no indication that he resumed treatment before his date last insured (March 31, 2015), or that he had any chronic fatigue or other debilitating side effects from hepatitis C or its treatment.  AR 16.

Plaintiff's generalized attack on the ALJ's findings cannot succeed.  Plaintiff argues that his hepatitis C remained active as of 2014, but the fact of the disease does not itself establish any disability; disability is determined by the existence of disabling symptoms.  ECF No. 17 at 13; See, Swanson v. Sec'y of Health & Human Servs., 763 F.2d 1061, 1065 (9th Cir. 1985).  Plaintiff points to a 2016 treatment note in which a doctor evaluating plaintiff's coronary artery disease

stated that he intended to "forward the results to [plaintiff's] physician and hopefully facilitate his treatment of hepatitis C," but does not explain how the overlap between plaintiff's heart condition and his hepatitis C creates any physical limitation that the ALJ did not address. ECF No. 17 at 14, AR 360. Although plaintiff claims in general terms that his treatment has not removed the "effects or chronic fatigue associated with Hepatitis C" (ECF No. 17 at 14), he fails to identify any objective findings in the record or any additional functional limitations the ALJ should have included in the RFC. Burch, 400 F.3d at 684 ("Even on appeal, Burch has not pointed to any evidence of functional limitations due to obesity which would have impacted the ALJ's analysis;" "Burch has not set forth, and there is no evidence in the record, of any functional limitations as a result of her obesity that the ALJ failed to consider"). Because plaintiff has failed to identify any specific error of the ALJ in evaluation of plaintiff's hepatitis C, and because the record supports the ALJ's findings, reversal is not warranted on this basis.

### B. The ALJ Did Not Fail to Address Mental Impairments

Plaintiff's claim that the ALJ failed to consider plaintiff's mental impairments fails, because plaintiff never asserted any mental impairments as a basis for disability. ECF No.1 7 at 14-15. Plaintiff points to several instances in the record where it was recorded that plaintiff had a history of depression (AR 463), active depression (AR 276, 286, 475), or anxiety (AR 473, 477). However, plaintiff has never alleged he was disabled based on any mental impairments. AR 14, 42, 50, 162, 169-71. Moreover, plaintiff's counsel at the administrative hearing did not question plaintiff about any alleged mental impairments. AR 40-41. Because plaintiff has never alleged disability on the basis of mental impairment and did not address it at the administrative level, he cannot now obtain remand on this basis. See, Meanel v. Apfel, 172 F.3d 1111, 1115 (9th Cir. 1999) ("We now hold that, at least when Plaintiffs are represented by counsel, they must raise all issues and evidence at their administrative hearings in order to preserve them on appeal"; "appellants must raise issues at their administrative hearings in order to preserve them on appeal before this Court") (citation omitted). There is no manifest injustice worked by holding plaintiff to this rule; even now, plaintiff identifies no specific mental limitation that the ALJ should have included in the RFC. Id., ECF No. 17 at 14-15. Plaintiff's objection on this basis is meritless.

C.  The ALJ Properly Addressed Plaintiff's Pain Testimony

The ALJ did not err in assessing plaintiff's pain alone or in combination with other impairments; he appropriately found plaintiff's pain testimony not fully supported by the record. AR 15. The Ninth Circuit has summarized the ALJ's task with respect to assessing a claimant's credibility as follows:

> To determine whether a claimant's testimony regarding subjective pain or symptoms is credible, an ALJ must engage in a two-step analysis.  First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged.  The claimant, however, need not show that her impairment could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom. Thus, the ALJ may not reject subjective symptom testimony...simply because there is no showing that the impairment can reasonably produce the degree of symptom alleged.
>
> Second, if the claimant meets this first test, and there is no evidence of malingering, the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so . . .

Lingenfelter v. Astrue, 504 F.3d 1028, 1035-36 (9th Cir. 2007) (citations and quotation marks omitted).  "The clear and convincing standard is the most demanding required in Social Security cases."  Moore v. Comm'r., 278 F.3d 920, 924 (9th Cir. 2002).  "At the same time, the ALJ is not required to believe every allegation of disabling pain, or else disability benefits would be available for the asking . . .".  Molina v. Astrue, 674 F.3d 1104, 1112 (9th Cir. 2012).

"The ALJ must specifically identify what testimony is credible and what testimony undermines the claimant's complaints." Valentine v. Comm'r., 574 F.3d 685, 693 (9th Cir. 2009) (quoting Morgan v. Comm'r., 169 F.3d 595, 599 (9th Cir. 1999)).  In weighing a claimant's credibility, an ALJ may consider, among other things, the "[claimant's] reputation for truthfulness, inconsistencies either in [claimant's] testimony or between [her] testimony and [her] conduct, [claimant's] daily activities, [her] work record, and testimony from physicians and third parties concerning the nature, severity, and effect of the symptoms of which [claimant] complains." Thomas v. Barnhart, 278 F.3d 947, 958-59 (9th Cir. 2002) (modification in original) (quoting Light v. Soc. Sec. Admin., 119 F.3d 789, 792 (9th Cir. 1997)).  If the ALJ's credibility

finding is supported by substantial evidence in the record, the court "may not engage in second-guessing." Id.

Here, the ALJ properly engaged in the two-step process. He first noted that plaintiff's medically determinable impairments could be reasonably expected to cause plaintiff's complaints, and then found that claimant's statements regarding the intensity, persistence, and limiting effects of his symptoms are not consistent with the record. AR 14-15. The ALJ gave clear and convincing reasons. First, the ALJ found plaintiff's description of his fatigue and pain (AR 40, 169-171) were inconsistent with his activities of daily living, which include taking his dog for walks, managing his personal hygiene, dressing himself, cleaning his house, cooking meals, and driving his car (AR 35-36, 39). AR 15. An ALJ may discount a plaintiff's pain testimony on the basis that it is inconsistent with his activities of daily living. Molina, 674 F.3d at 1113. Further, plaintiff does not challenge the ALJ's finding regarding his activities of daily living, thereby conceding its propriety. See Carmickle v. Comm'r., 533 F.3d 1155, 1161, n.2 (9th Cir. 2008) ("We do not address this finding because Carmickle failed to argue this issue with any specificity in his briefing").

Second, the ALJ appropriately noted that Plaintiff received unemployment insurance benefits from the second quarter of 2013 through the first quarter of 2014. AR 15, 144-45. Though receipt of unemployment benefits is not dispositive of a person's capacity to perform work, it does conflict with assertions of an inability to work because receipt of unemployment insurance benefits was premised on an individual's attestation that he was ready, willing, and able to work. See Copeland v. Bowen, 861 F.2d 536, 542 (9th Cir. 1988) (ALJ validly discounted claimant's credibility, in part, because he "received unemployment insurance benefits [after being laid off] (apparently considering himself capable of work and holding himself out as available for work)").

Third, the ALJ appropriately considered plaintiff's conservative and effective history of pain treatment. AR 15; See 20 C.F.R. § 404.1529(c)(3)(iv)-(v) (medication and treatment history relevant to assessing credibility); Odle v. Heckler, 707 F.2d 439, 440 (9th Cir. 1983) (noting that the claimant's impairments were responsive to medication and affirming a denial of benefits).

The ALJ noted that plaintiff has been able to maintain stability with medication alone, which includes aspirin and drugs for coronary artery disease and hyperlipidemia. AR 14, 224, 229, 349. Plaintiff notes that his doctors prescribed him pain medication (AR 17 at 15), and does not appear to dispute that the medication alleviated his pain. Plaintiff's ability to manage his symptoms with conservative treatment is proper grounds for discounting his pain testimony.

Finally, the ALJ validly noted that Plaintiff's allegations of debilitating symptoms were not well supported by the medical evidence of record for the relevant period (alleged onset date of August 15, 2013 through the date last insured of March 31, 2015). AR 15; See 20 C.F.R. § 404.1529(c)(1)-(2) (ALJ considers medical evidence to determine the intensity and persistence of the claimant's symptoms and their effects on a claimant's ability to work); Burch, 400 F.3d at 681 ("Although lack of medical evidence cannot form the sole basis for discounting pain testimony, it is a factor that the ALJ can consider in his credibility analysis"). For example, since the alleged onset date, physical examinations generally highlighted no significant abnormalities, no focal deficits, minimal complaints of chest or abdominal pain, no evidence of shortness of breath, no signs of swelling in his hand or feet, and no ongoing problems with his energy levels. AR 15, 216, 223, 227, 348, 464. Because the ALJ gave numerous clear and convincing reasons for discounting plaintiff's pain testimony, there was no error.

### D. The ALJ Properly Described Plaintiff's Past Work as "Carpenter"

Plaintiff asserts that the ALJ mischaracterized his past work as a Carpenter, Dictionary of Occupational Titles ("DOT") code 860.381-022, because "Carpenter" is skilled work which required 2-4 years of training, and the plaintiff did not have specialized training. ECF No. 17 at 17. This assertion is not borne out by the record. First, plaintiff did not object to the ALJ's characterization of his past work as that of a carpenter at his hearing (AR 34 [the ALJ describing his past work as a carpenter, and Plaintiff not disputing the ALJ's description], 37 [Plaintiff stating he worked for a company as a carpenter]). Plaintiff's failure to raise the issue at the administrative level cuts against his objection. Meanel, 172 F.3d at 1115.

Second, in light of the record, especially plaintiff's own description of his past work, the ALJ reasonably found that Plaintiff worked as a carpenter. In describing his work history to

consultant A. Harbour on October 23, 2014, notes indicate plaintiff stated he "worked as a construction worker for the past 40 years. As a construction worker, he did carpentry. He built and constructed new homes. He repaired homes when needed. He assembled and cut materials. He used nails, drills, hammers, and other carpenter tools as needed. He built stairs, installed cabinets /windows /doors /showers /tubs, and did the floors." AR 53. Medical notes from an office visit describe plaintiff as a "59-year-old semiretired carpenter[.]" AR 360. The DOT describes the carpenter as performing works such as, "[c]onstructs, erects, installs, and repairs structures and fixtures of wood, plywood, and wallboard, using carpenter's hand tools and power tools . . .Assembles cut and shaped materials and fastens them together with nails, dowel pins, or glue . . . Builds stairs and lays out and installs partitions and cabinet work . . ." See DOT 860.381-022, 1991 WL 681972. Plaintiff stated he received on the job training. AR 35. Based on the DOT job description, the ALJ reasonably characterized Plaintiff's past work as that of a carpenter.

E. The ALJ Properly Assessed Medium Work

Plaintiff argues the ALJ improperly concluded he could do medium work. Plaintiff contends the ALJ should have consulted a vocational expert, that he did not consider plaintiff's back pain testimony, and that he did not consider plaintiff's wall motion abnormality with mild ventricular dysfunction. None of these arguments withstands scrutiny. First, at step four, no VE testimony is required. See Crane v. Shalala, 76 F.3d 251, 255 (9th Cir. 1996) (that ALJ did not obtain VE testimony was not error, where ALJ found claimant could perform past relevant work). Second, as discussed in detail above, the ALJ properly discounted plaintiff's subjective pain testimony. And finally, the single medical note plaintiff' cites for his wall motion abnormality is from a cardiologist and also states plaintiff "does not need any further testing. He just needs to continue his medications for now." AR 357. Nothing in this note indicates the ALJ erred in assessing medium work. Plaintiff's assertion of error on this point fails.

F. The ALJ Did Not Improperly Fail to Apply the Arduous Work Standard

Plaintiff asserts he is presumptively disabled under 20 C.F.R. § 404.1562(b), which states as follows:

12

> If you are at least 55 years old, have no more than a limited education, and have no past relevant work experience. If you have a severe, medically determinable impairment(s) (see §§ 404.1520(c), 404.1521, and 404.1523), are of advanced age (age 55 or older, see § 404.1563), have a limited education or less (see § 404.1564), and have no past relevant work experience (see § 404.1565), we will find you disabled. If the evidence shows that you meet this profile, we will not need to assess your residual functional capacity or consider the rules in appendix 2 to this subpart.

20 C.F.R. § 404.1562(b). As discussed above, the ALJ properly determined plaintiff has past relevant work as a carpenter. AR 17. This portion of the Code therefore does not apply, and plaintiff's objection must be rejected.

## VII. CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 17), is DENIED;

2. The Commissioner's cross-motion for summary judgment (ECF No. 20), is GRANTED;

3. The Clerk of the Court shall enter judgment for the Commissioner, and close this case.

DATED: February 11, 2019

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE